```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 12, 2010
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
CEDRIC REID,                                :
                                            :
                        Petitioner,         :        08 Civ. 363 (PAC) (DFE)
                                            :
           - against -                      :        ORDER ADOPTING R&R
                                            :
HAROLD GRAHAM, Superintendent,              :
                                            :
                        Respondent.         :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

HONORABLE PAUL A. CROTTY, United States District Judge:

Cedric Reid ("Reid") appears pro se to petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction in Supreme Court, New York County, for Attempted Robbery in the First Degree and Criminal Possession of a Weapon in the Second Degree. His challenge is based on three grounds: (i) violation of his due process rights since the trial court judge failed to determine Reid's mental competency to stand trial and represent himself; (ii) denial of effective assistance of trial counsel (i.e. his 5 previously assigned counsels); and (ii) denial of his right of appeal based on the Appellate Division's rejection of Reid's request to file a supplemental brief. On November 4, 2009, U.S. Magistrate Judge Douglas F. Eaton issued a Report & Recommendation ("R&R"), recommending that Reid's habeas petition be denied in its entirety.

On February 3, 2010, Reid filed timely objections to the R&R. Reid's objects only to the portion of the R&R relating to his due process challenge based on the trial court judge's failure to determine Reid's mental competency. Reid argues that Magistrate Judge Eaton erred and repeats arguments that he made in his habeas petition that Magistrate Judge Eaton properly rejected.

In addition to objecting to Magistrate Judge Eaton's analysis of his due process claim based on the failure of the trial court judge to determine Reid's mental competency, Reid requests that the Court to stay his habeas corpus petition as he moves for a petition for a writ of error coram nobis in the Appellate Division (Obj.

1

at 2). Reid intends to file his coram nobis petition to exhaust his state court remedies as to his denial of effective assistance of trial counsel and his denial of right of appeal.

For the reasons that follow, the Court adopts the R&R in its entirety, denies Reid's habeas petition, and denies Reid's request for a stay of his habeas petition.

## BACKGROUND[1]

### I.    The Crime

On March 6, 1999, Reid was arrested in the possession of a loaded gun and charged with displaying it moments earlier in an attempted robbery of a check cashing store in Manhattan. Reid and an unidentified individual participated in the robbery. Two British tourists, Howard Groves ("Groves") and Rachel Double ("Double"), walked out of their hotel and witnessed a struggle at the check cashing store. Groves and Double also heard the victim of the robbery, Raymond Cortez, say "[t]hey are trying to rob me." Groves was a police officer in England who was visiting in the U.S. Reid and the unidentified man then started to walk away while Groves called out to them twice. The unidentified man turned toward Groves and Double, pointed a silver-colored gun at them, and fired. Groves and Double notified three New York City police officers, who pursued Reid and his associate. The police arrested Reid in a nearby subway station, but the associate, who was never identified, fled into a subway tunnel.

### II.   The Pre-Trial Proceedings

A grand jury indicted Reid with Attempted Murder in the Second Degree, Attempted Robbery in the First Degree, Criminal Possession of a Weapon in the Second Degree, and other related charges. On the night of the jury selection, Reid announced to the presiding judge, Justice Daniel P. FitzGerald, that he wanted to dismiss Kenneth Ives ("Ives"), the fifth attorney appointed to represent him, and to proceed pro se. Justice FitzGerald conducted a thorough and comprehensive review of Reid's request. Justice FitzGerald pointed out all the deficiencies inherent in criminal defendants appearing pro se. Justice FitzGerald asked Ives to opine on Reid's competence to represent himself. Ives replied, "I do think he's intelligent and I do think he to some

---

[1] The facts in this section are taken from the R&R.

2

extent understands the general principles of criminal law . . . [but] although he's intelligent, this is a very serious case . . . I think Mr. Reid going pro se is tantamount to him committing suicide." Justice FitzGerald told Reid that letters in his file "indicated an agile and logical mind." Nevertheless, Justice FitzGerald attempted to dissuade Reid from proceeding pro se. Reid, however, was not persuaded, and Justice FitzGerald designated Ives as standby counsel, allowing Reid to proceed pro se as he insisted.

**III.     The Trial**

At trial, Reid accused the unidentified man of committing the alleged crimes. Reid also asserted a defense of duress. During the trial, Reid gave detailed testimony of the events. Reid's arguments were logical, pointed, and directly responsive to the People's presentation of its proof. Reid stated, "I did not voluntarily commit that act. I felt that I had no other avenue but to perform what that [unidentified] man had instructed me to do." Reid explained how the black gun ended up in his pocket: the unidentified man placed it there, just before Reid was arrested.

On November 9, 2000, the jury found Reid not guilty of Attempted Murder, but guilty of Attempted Robbery in the First Degree, Criminal Possession of a Weapon in the Second Degree, and two lesser charges. A second felony offender, Reid was sentenced to concurrent determinate prison terms of 15 years.

Eight months later, Reid filed a pro se motion asking Justice FitzGerald to vacate the judgment pursuant to New York Criminal Procedure Law § 440.10. Reid argued that the trial court should have ordered a mental competency examination of Reid prior to trial. Justice FitzGerald rejected Reid's motion, noting that "there is nothing which would suggest that the defendant was an 'incapacitated person.'" Justice FitzGerald added that Reid "made his defense cogently, calmly, and ultimately persuaded the jury to acquit him of the attempted murder charge . . . ."

On June 10, 2005, the Appellate Division denied Reid's application to file a pro se supplemental brief (See Exhibit M). On May 25, 2006, the Appellate Division affirmed Reid's conviction and the denial of his motion to vacate. On August 2, 2006, the Court of Appeals denied his application for leave to appeal.

# DISCUSSION

## I. Standard of Review

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection is made to the magistrate's recommendations, the court is required to review the contested portions de novo. Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). The court "may adopt those portions of the [R&R] to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).

To obtain habeas relief, Reid must show that the Appellate Division's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1) (2000). A decision is an "unreasonable application" of clearly established federal law if the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts" of the case before it. Williams v. Taylor, 529 U.S. 362, 413 (2000). The state court must be "objectively unreasonable" in its application of the principles to the facts. Lockyer v. Andrade, 538 U.S. 63, 75 (2003).

## II. Due Process – Competency to Stand Trial

Reid argues that the trial court violated his due process rights by failing to order a competency hearing. It is a violation of due process to convict a person who is not legally competent to stand trial. Pate v. Robinson, 383 U.S. 375 (1966). When the evidence "raise[s] a sufficient doubt as to a defendant's competence to stand trial, the failure of the trial court to conduct a competency hearing sua sponte violates due process." Nicks v. United States, 955 F.2d 161, 168 (2d Cir. 1992). A defendant is incompetent to stand trial if "he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense." Drope v. Missouri, 420 U.S. 162, 171 (1975). The Supreme Court has not established a fixed standard to determine when a mental competency hearing is necessary, but has identified several factors to be considered by the trial court: evidence of the defendant's irrational behavior, the

4

defendant's demeanor at trial, medical opinions, and the opinion of defense counsel. Id. at 180. "[E]ven one of these factors standing alone may, in some circumstances, be sufficient." Id.

Reid argues that Justice FitzGerald should have ordered a competency exam since other judges had previously ordered competency exams on Reid (Obj. at 4); Reid had previously been placed in a psychiatric hospital (Id.); at the time of his arrest, Reid was taking psychiatric medication as treatment for schizophrenia (Id.); following jury selection, Ives suggested to Justice FitzGerald that "maybe a 730 [competency hearing] at this point would be appropriate" and that "I am starting to think there is a problem with" his competency to stand trial and ability to go pro se (Id.); and that his attempt to walk out of the courtroom during trial was "strange behavior." (Id.)

There was no doubt as to Reid's mental competency to stand trial. Reid did not raise an insanity defense, and throughout the trial, Reid gave a coherent chronology of the events and testified in great detail. (See Trial Transcript at 485-505). Ultimately, Reid persuaded the jury to acquit on the most serious count — attempted murder. As the Appellate Division found, Reid "consistently demonstrated his 'capacity to understand the proceedings against him [and] to assist in his own defense' (CPL 30.10[1]), there was no reasonable ground upon which to order a 730 competency examination." People v. Reid, 29 A.D.3d 463, 464, (N.Y. App. Div. 1st Dep't 2006).

Contrary to Reid's assertions, none of the court files indicate that any judge had requested a competency hearing for Reid. Similarly, though Reid had been placed in a psychiatric hospital, this occurred in 1989, eleven years before the trial (See Exhibit E, at 10). Furthermore, Reid's prior psychiatric history does not demonstrate lack of competence at the time of trial. People v. Gelikkaya, 84 N.Y.2d 456, 459 (1994). Therefore, while Reid's prior psychiatric treatment history may be some evidence of his lack of competency to stand trial, it is hardly dispositive. See Johnson v. Keane, 974 F. Supp. 225, 232 (S.D.N.Y. 1997). Additionally, Ives' suggestion that Justice FitzGerald order a competency exam for Reid was prompted by Reid's poor performance during jury selection. As Justice FitzGerald told Ives at the time, however, performance as a pro se "attorney" is not the standard for competency to stand trial (R&R at 22). Finally, Reid did not exhibit

5

abnormal behavior at trial, and his attempt to walk out of the courtroom during trial does not raise a sufficient doubt as to one's mental competency. See, e.g., Gonzalez v. Connolly, 09 Civ. 3834 (JCF), 2010 U.S. Dist. LEXIS 25571, at *18 n.3 (S.D.N.Y. Mar. 18, 2010). Accordingly, the Court finds that a sufficient doubt of Reid's mental competency to stand trial did not arise and DENIES Reid's habeas petition.[2]

### III. Stay of Reid's Habeas Petition

In addition to objecting to Magistrate Judge Eaton's analysis of his due process claim based on the failure of the trial court judge to determine Reid's mental competency, Reid requests that the Court to stay his habeas corpus petition as he moves for a petition for a writ of error coram nobis in the Appellate Division (Obj. at 2). Reid intends to file his coram nobis petition to exhaust his state court remedies as to his denial of effective assistance of trial counsel and his denial of right of appeal. (Id.) Reid does not object to Magistrate Judge Eaton's substantive analysis of these claims.

Reid's request for a stay of his habeas petition is Denied. Courts stay habeas petitions in limited circumstances only, such as when the district court determines there was good cause for petitioner's failure to exhaust his claims first in state court. Rhines v. Weber, 544 U.S. 269, 277 (2005). Even if a petitioner had good cause for failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Id. Staying a federal habeas petition frustrates the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. Id. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all of his claims in state court prior to filing his federal petition. Id.

Reid has neither alleged nor shown good cause for his failure to bring a writ of error coram nobis in the Appellate Division before bringing a habeas petition before this Court. See Knight v. Phillips, Nos. 05-CV-2749 (NG), 05-CV-2758 (NG), 2005 WL 2591830, at *3 (E.D.N.Y. Oct. 13, 2005). Moreover, as Magistrate Judge

---

[2] Since no sufficient doubt arose as to Reid's competence to stand trial, Reid's waiver of his right to counsel was knowing and voluntary. The competency standard for waiving the right to counsel is not higher than the competency standard for standing trial. Godinez v. Moran, 509 U.S. 389, 391 (1993).

Eaton properly recommended, Reid's unexhausted claims – denial of effective assistance of trial counsel and denial of his right of appeal based on the Appellate Division's rejection of Reid's request to file a supplemental brief – are plainly meritless (R&R at 28-29). Accordingly, the Court thus DENIES Reid's request for a stay of his habeas corpus petition.

## CONCLUSION

Accordingly, the Court ADOPTS Magistrate Judge Eaton's R&R in its entirety. Reid's habeas corpus petition is DENIED. Reid's request to stay his habeas petition is DENIED. As Reid has not made a substantial showing of a denial of a federal right, appellate review is not warranted. See 28 U.S.C. § 2253(c)(2). The Clerk of the Court is directed to enter judgment and close this case.

Dated: New York, New York
       August 12, 2010

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copies Mailed to:

Cedric Reid, DIN #00A6988
Elmira Correctional Facility
P.O. Box 500
1879 Davis Street
Elmira, NY 14902-0500

Alyson J. Gill, Esq.
Assistant Attorney General
State of New York
120 Broadway
New York, NY 10271-0332